NOT DESIGNATED FOR PUBLICATION

No. 122,578

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of THOMAS CLARDY.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed February 12, 2021. Affirmed.

*Christopher Cuevas*, of Kansas City, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Thomas Clardy has been confined for treatment under the Sexually Violent Predator Act, K.S.A. 59-29a01 et seq., since 2004 based on a series of convictions for sex crimes about 10 years earlier. Following an evidentiary hearing in November 2019, the Wyandotte County District Court denied Clardy's request for placement in the transitional release phase of the treatment program. Clardy has appealed that ruling. We find no error and affirm.

As required under the Act, the Kansas Department for Aging and Disability Services conducted annual reviews of Clardy's commitment and submitted reports to the district court finding no substantial change in his condition and recommending his continued confinement for treatment. K.S.A. 2019 Supp. 59-29a08(a). Clardy has progressed and fallen back in the established treatment regimens during the time he has been confined as a sexually violent predator. After considering recent annual reports, the

1

district court determined there was probable cause to believe Clardy's condition had sufficiently improved that he might be a candidate for transitional release. The district court appointed a lawyer to represent Clardy and appointed a psychologist to conduct an independent evaluation of Clardy. See K.S.A. 2019 Supp. 59-29a08(c), (g).

The district court held a two-day hearing on Clardy's appropriate placement in the treatment program. The State presented three experts who testified that Clardy continued to meet the definition of a sexually violent predator and his current condition did not warrant placement in transitional release. Clardy was then in the second tier of a three-tier treatment protocol preparatory to placement in the regulated transitional release phase of the program. So granting Clardy's request for transitional release would have vaulted him over the tier-three treatment. The psychologist the district court appointed testified that although Clardy likely would benefit from tier-three treatment, he could be placed in transitional release and would pose a comparatively limited risk of reoffending if he were.

The evidence also included recent circumstances involving Clardy that were of concern in his treatment. Program staff found photographs of children apparently clipped from magazines hidden in a box in Clardy's room. Clardy disclaimed any knowledge of the photographs and said someone else must have put them there. Staff also noted that on some supervised outings to shopping centers and similar public places, Clardy lingered in areas where children were present. Clardy denied having engaged in that sort of behavior and testified that he conducted himself appropriately and within the protocol boundaries for those outings.

The district court issued a written order denying Clardy's request for transitional release, finding the State had proved beyond a reasonable doubt his condition had not sufficiently improved to warrant that placement. See K.S.A. 2019 Supp. 59-29a08(i) (burden of proof in evidentiary hearing on State to prove beyond a reasonable doubt

2

placement in transitional release is inappropriate). The district court credited the conclusions of the State's experts as better grounded and, thus, more credible than those of the appointed expert. While generally noting the evidence presented during the hearing, the district court delineated and expressly relied on the competing expert opinions. Clardy has appealed the district court's decision.

When a district court enters findings of fact and conclusions of law following an evidentiary hearing, we typically apply a dual standard of review. We ask whether substantial competent evidence supports the findings, taking into account the burden of proof and crediting the district court's resolution of conflicting evidence including its credibility determinations. We then independently decide if those factual findings warrant the ultimate legal conclusions the district court reached.

The focal point of the hearing fell on the expert testimony, as is often true in proceedings under the Sexually Violent Predator Act. And the evidence presented a classic battle of the experts for the district court's resolution as the finder of fact. Given our limited perspective on appellate review, we cannot and would not second-guess the district court's preference for the opinions and conclusions the State's expert witnesses advanced. See K.S.A. 2019 Supp. 60-252(a)(5); *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009) ("In evaluating the evidence to support the district court's factual findings, an appellate court does not weigh conflicting evidence, evaluate witnesses' credibility, or redetermine questions of fact.").

We choose not to belabor the evidence or the required outcome. The expert testimony from the State's witnesses was more than sufficient to support the district court's denial of Clardy's request for placement in transitional release. Even the appointed expert offered less than categorical support for the placement. And other record evidence, although not detailed in the district court's order, was consistent with the denial. We may

infer, absent a compelling reason otherwise, that evidence supported the district court's ultimate determination. As this court recently stated:

> "In presenting findings of fact and conclusions of law, a district court is not obligated to catalogue and comment on each witness and each piece of physical evidence admitted during a bench trial. Rather, the district court is expected to evaluate the kaleidoscope of evidence and to enunciate the governing facts it has derived from that evaluation. A district court may choose to explain in detail its reasoning. And explicit credibility findings resolving conflicting witness testimony greatly aid (and constrain) appellate review. But a district court's omission of some evidence from an order or a journal entry does not equate to a failure to consider the unmentioned evidence." *Hildenbrand v. Avignon Villa Homes Community Association, Inc.*, No. 120,245, 2021 WL 137339, at *8 (Kan. App. 2021) (unpublished opinion).

Those considerations are equally applicable here. We find no error in the district court's order denying Clardy relief.

Affirmed.